IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND and CHARLES A. WHOBREY, as Trustee,  )))) | |
| *Plaintiffs,* ) | Case No. 20-cv-06464 |
| ) | |
| v. ) | District Judge |
| ) | |
| OJIBWA READY MIX, L.P., a Wisconsin limited partnership and OJIBWA CONCRETE, INC., a Wisconsin corporation )))))) | Magistrate Judge |
| ) | |
| *Defendants.* ) | |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, one of the Pension Fund's present trustees, allege as follows:

## JURISDICTION AND VENUE

1. This action is brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001, *et seq.*, and is a suit to recover withdrawal liability owed by Defendants as a result of an employer's withdrawal from a multiemployer pension plan.

2. This Court has jurisdiction over this action under sections 502(e), 502(f) and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c).

3. Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") is administered at its principal place of business in Chicago, Illinois.

## PARTIES

4. The Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5. Plaintiff Charles A. Whobrey is a present trustee and fiduciary of the Pension Fund within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 8647 West Higgins Road, Chicago, Illinois.

6. Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee Charles A. Whobrey, are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

7. Defendant Ojibwa Ready Mix, L.P. ("Ojibwa Ready Mix") was a limited partnership organized under the laws of the State of Wisconsin.

8. Defendant Ojibwa Concrete, Inc. ("Ojibwa Concrete") is a corporation organized under the laws of the State of Wisconsin.

9. Ojibwa Concrete was at all times the general partner of Ojibwa Ready Mix (collectively "Defendants").

## CLAIM FOR RELIEF

10. Plaintiffs reallege and incorporate by reference paragraphs 1 through 9 of this Complaint as though fully set forth herein.

11. During all relevant times, Ojibwa Ready Mix was bound by collective bargaining agreements with a local union affiliated with the International Brotherhood of Teamsters, under

which Ojibwa Ready Mix was required to contribute to the Pension Fund on behalf of certain of its employees.

12. The Pension Fund determined that on or about November 15, 2014, Ojibwa Ready Mix permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. § 1383 (the "Complete Withdrawal").

13. As a result of the Complete Withdrawal, the Pension Fund determined that Ojibwa Ready Mix incurred withdrawal liability to the Pension Fund in the principal amount of $1,555,441.83 as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b) (the "Withdrawal Liability").

14. On December 22, 2014, Ojibwa Ready Mix filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Wisconsin, Milwaukee Division. *See In Re Ojibwa Ready Mix, L.P.*, case no. 14-35006.

15. On June 22, 2015, the Pension Fund filed a proof of claim in the Ojibwa Ready Mix Chapter 7 bankruptcy proceeding for the Withdrawal Liability.

16. Ultimately, the Pension Fund received a distribution in the total amount of $145,938.07 in connection with the proof of claim it filed for the Withdrawal Liability.

17. Ojibwa Ready Mix's Chapter 7 bankruptcy proceeding was closed on October 18, 2016.

18. The remaining balance of the Withdrawal Liability was not discharged as a result of Ojibwa Ready Mix's Chapter 7 bankruptcy because a corporate debtor does not receive a discharge under Chapter 7 of the United States Bankruptcy Code.

19. Ojibwa Ready Mix never requested review of or initiated arbitration to contest the Withdrawal Liability pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the balance of the Withdrawal Liability is due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

20. Ojibwa Ready Mix failed to pay the full amount of the Withdrawal Liability to the Pension Fund and fell into default within the meaning of section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

21. Since Ojibwa Concrete is a general partner of Ojibwa Ready Mix, it is personally liable for the debts of Ojibwa Ready Mix, including the Withdrawal Liability, interest and all penalties as allowed by sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b).

22. Each of the Defendants are jointly and severally liable to the Pension Fund for the Withdrawal Liability.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendants, and on behalf of Plaintiffs, pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for –

    (i) $1,517,000.71 in withdrawal liability;

    (ii) interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JP Morgan Chase

        Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

   (iii)    an amount equal to the greater of interest on the unpaid withdrawal liability or liquidated damages of twenty percent (20%) of the unpaid withdrawal liability; and

   (iv)    attorneys' fees and costs.

(b) Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JP Morgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

   (c)  Such further or different relief as this Court may deem proper and just.

Respectfully submitted,

*/s/ Kevin M. Kleine*
Kevin M. Kleine, Esq.
(ARDC #6333900)
Central States Funds
Law Department
8647 W. Higgins Road, 8th Floor
Chicago, IL 60631-2803
(847) 939-2574
kkleine@centralstatesfunds.org

October 30, 2020                        *ATTORNEY FOR PLAINTIFFS*